Victoria Gruver Curtin (Ariz. State Bar #010897)
14555 N. Scottsdale Rd., #160
Scottsdale, AZ  85254
Tel.: (480) 998-3547
Fax: (480) 948-3387
E-mail: victoria@vcurtin.com

Timothy P. Walker (*pro hac vice*)
Elaine Y. Chow (*pro hac vice*)
Stephanie E. L. McCleery (*pro hac vice*)
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Tel.: (415) 882-8200
Fax: (415) 882-8220
E-mail:  timothy.walker@klgates.com
E-mail:  elaine.chow@klgates.com
E-mail:  stephanie.mccleery@klgates.com

Attorneys for Defendant
TAIWAN UNION TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ISOLA USA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TAIWAN UNION TECHNOLOGY CORPORATION<br><br>    Defendant. | Case No. 2:12-cv-01361 SLG<br><br>**DEFENDANT TAIWAN UNION TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSE**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT TAIWAN UNION TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

Printed on Recycled Paper

NOTICE is hereby given of the filing of this motion pursuant to the Federal Rules of Civil Procedure and Local Rule 37.1 by Plaintiff Taiwan Union Technology Corporation ("TUC").  This motion seeks to compel Plaintiff Isola USA Corporation ("Isola")  to respond to Request for Production Nos. 9, 10 and 19 issued to them on November 25, 2013 (the "Requests for Production"), and to produce or permit for inspection and copying the materials specified in the Request for Production Nos. 9, 10 and 19 as they apply to settlement communications with Park Electrochemical Corp., Nelco Products, Inc. and Neltec, Inc. (collectively, "Park").  The materials requested are necessary for TUC's defenses in this case, and Isola's refusal to produce responsive documents seriously impairs TUC's ability to develop its invalidity and non-infringement affirmative defenses to Isola's patent infringement claims, evaluate its litigation strategy, and calculate reasonable royalty and damages.

In support of this motion, TUC submits the Declaration of Elaine Chow, with attached exhibits.  The date and time of the hearing on this Motion have not yet been set.

DATED this 9th day of May, 2014        K&L GATES LLP

                                              Elaine Y. Chow
                                        Elaine Y. Chow (*pro hac vice*)
                                        K&L GATES LLP

                                        Attorneys for Defendant
                                        TAIWAN UNION TECHNOLOGY
                                        CORPORATION

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

Printed on Recycled Paper

**LOCAL RULE 37.1 STATEMENT**

Pursuant to Local Rule 37.1(b), the undersigned counsel for TUC represents the following:

(1) <u>Inspections requested</u>:

   a. Request for Production 9:  All documents and things concerning any communication sent or received by Isola involving a question about or challenge to the validity, enforceability, or scope of the Patents-in-Suit, or of any claim therein.

   b. Request for Production 10:  All documents and things concerning any communication sent or received by Isola involving any alleged Prior Art to the Patents-in-Suit, or to any claim therein.

   c. Request for Production 19:  All documents and things concerning the Nelco Litigation[1] including, but not limited to, all pleadings, all discovery requests and responses, answers to interrogatories, responses to requests for admissions, all documents produced, all expert opinions, all depositions, all memoranda and briefs, all decisions of Court, settlement papers and agreement of the parties to the action, including any settlement agreement, license agreement, agreement not to sue and the like, and payment made, if any, to either party.

(2) <u>Responses received</u>:

   a. *Responses to Requests Nos. 9 and 10*:  Isola objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to the term "all documents and

---

[1] The term the "Nelco Litigation" was defined in the Requests for Production as "Isola USA Corporation v. Park Electrochemical Corporation, et al., Civil Action No. 2:12-cv-01359-ROS, filed in the District of Arizona."  For the sake of clarity between these papers and the papers filed regarding TUC's Motion to Compel Compliance with Subpoena *Duces Tecum* (Dkt. 96), we will refer to it here as the "Park Litigation."

things." Isola objects to this Request to the extent it seeks to elicit documents subject to and protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privileges, protections, or immunities. Isola objects to the extent this Request seeks disclosure of information that is confidential, proprietary or trade secret to a third party, and which Isola is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties. Isola objects to each Request to the extent it seeks disclosure of protected settlement communications. Isola objects to this Request's assumption that any such communications exist.  Subject to and without waiving the foregoing general and specific objections, and to the extent permitted under any third party confidentiality agreements, Isola will produce non-privileged, responsive documents in its possession, custody or control, if any such documents exist. Isola reserves the right to supplement its response to this Request as discovery and inquiry continue.

b. *Response to Request No. 19*:  Isola objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to the term "all documents and things." Isola objects to this Request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the settlement communication privilege, and/or any other applicable privileges, protections, or immunities.  Isola objects to this Request as vague and ambiguous. Isola objects to the extent this Request seeks disclosure of information that is confidential, proprietary or trade secret to a third party, and which Isola is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties. Subject to and without waiving the foregoing general and specific objections, and to the extent permitted

under any third party confidentiality agreements, Isola will produce non-privileged, responsive documents in its possession, custody or control that are sufficient to show the requested information, if any such documents exist. Isola reserves the right to supplement its response to this Request as discovery and inquiry continue.

(3) <u>Reason why these responses are deficient</u>: Each Response indicates that Isola objects to production of documents subject to "the settlement communication privilege," and also objects to production of documents subject to "any third party confidentiality agreements." After numerous meet-and-confers on the issue, TUC understands that Isola is relying upon these objections to withhold settlement communications with Park, which are responsive to these Requests for Production.

## **LOCAL RULE 7.2(j) STATEMENT**

Pursuant to Local Rule 7.2(j), the undersigned counsel for TUC represents that counsel for TUC have personally conferred with counsel for Isola regarding this issue, via telephone and written correspondence, and despite sincere efforts, the parties were unable to resolve this dispute.  *See attached* Declaration of Elaine Chow, May 9, 2014, ¶ 8.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Together, plaintiff Isola and third-party Park are stonewalling TUC with their joint refusal to produce their settlement communications. Just as it is inappropriate for third party Park to withhold documents based on a settlement privilege that neither the Ninth nor the Federal Circuit has ever recognized, it is also inappropriate for Isola not only to assert the same privilege, but to claim that Park refuses to give Isola permission to produce and to now make any production of responsive documents contingent upon how this Court will rule upon TUC's pending Motion to Compel Compliance with Subpoena *Duces Tecum* (Dkt. 95) against Park.

As discussed in greater detail in TUC's motion against Park, Isola filed essentially the same lawsuit against Park and TUC alleging infringement of the same patents, by similar products manufactured by Park and TUC. After an unknown number of communications between Park and Isola, however, Isola quickly dismissed its suit against Park, accepting a nominal payment far less than the attorneys' fees Park would likely incur to defend the suit. The communications between Park and Isola are highly relevant and necessary to TUC's non-infringement and invalidity arguments and essential to TUC's litigation strategy and calculation of a reasonable royalty and/or damages. In order for TUC to properly defend against Isola's claims, TUC must have all settlement communications between Isola and Park.

Like Park, Isola persists in arguing that settlement communications and all information provided in negotiations are somehow exempt from discovery based on a

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

1

Printed on Recycled Paper

tortured reading of Federal Rule of Evidence 408 in a Sixth Circuit case. On this basis, Isola has withheld an unknown number of documents reflecting communications between Isola and Park.

In addition, Isola insists that absent an order from this Court, Isola's non-disclosure agreement with Park bars Isola from producing their settlement-related communications if Park refuses to grant permission to Isola. In light of Park's refusal to grant this permission, which is itself improper, TUC has no choice but to bring this motion to compel against Isola.

Like Park, Isola's position is untenable. Under the law of the Federal and Ninth Circuits, settlement communications are not exempt from discovery, and parties cannot simply contract around discovery obligations under the Federal Rules of Civil Procedure. Isola has no basis to withhold these documents.

Finally, in the interest of judicial efficiency, TUC would have brought this motion to compel against Isola at the same time it filed its motion against Park, but because TUC and Isola had a standstill agreement that was intended to facilitate settlement, TUC could not in good faith bring a motion against Isola. However, now that the standstill has ended, TUC is going forward with this brief motion and respectfully requests an order compelling Isola to produce settlement communications with Park responsive to Request for Production Nos. 9, 10, and 19.

## BACKGROUND AND STATEMENT OF FACTS

On November 25, 2013, TUC issued Requests for Production (Ex. A to Declaration of Elaine Chow, May 7, 2014) to Isola seeking, *inter alia*, documents:

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

2

Printed on Recycled Paper

(a) Reflecting any communications sent or received by Isola in which the validity, enforceability or scope of United States Patent Numbers 6,509,414; 7,897,258; and 8,022,140 (the "Patents-in-Suit") was questioned or challenged (Chow Decl., Ex. A, Request No. 9);

(b) Reflecting any communications sent or received by Isola involving alleged Prior Art to the Patents-in-Suit (Chow Decl., Ex. A, Request No. 10); and

(c) Concerning the Park Litigation, including "settlement papers," any "agreement not to sue and the like." (Chow Decl., Ex. A, Request No. 19).[2]

Isola served its Responses to TUC's Requests for Production on January 30. Chow Decl., Ex. B (the "Isola Responses"). In the Isola Responses, Isola objected to Request Nos. 9, 10 and 19 on the basis of a claimed "settlement privilege"[3] and further objected claiming that "confidentiality obligations or agreements with third parties" prevent the production of responsive documents. *Id.* at 9-10, 14-15.

Between January and April of 2014, counsel for Isola and TUC informally agreed to a mutual stand-still agreement regarding discovery while the parties discussed settlement. Chow Decl. ¶ 6. During that time, discovery was effectively on hold, and neither party actively pursued perceived deficiencies in discovery responses. *Id.* The stand-still agreement ended on April 15, 2014, at which time both parties propounded additional discovery and requested meet-and-confers regarding issues in discovery responses. *Id.* During the stand-still, however, TUC filed the Motion to Compel

---

[2] On April 22, 2014, TUC likewise requested the same documents and information regarding Isola's parallel litigation on these Patents-in-Suit with ITEQ. (Chow Decl. ¶ 3). While the time for Isola to respond to these requests has not expired, counsel for Isola first indicated that it will be taking the same position regarding settlement communications with ITEQ as it is with Park Electrochemical and its entities, then subsequently informed counsel for TUC that Isola is taking the position that no settlement communications exist between ITEQ and Isola despite the settlement reached. Chow Decl., Ex. C. p. 2.

[3] The same basis claimed by Park in its Opposition to TUC's Motion to Compel Compliance with Subpoena *Duces Tecum* (Dkt. 105)

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

3

Printed on Recycled Paper

Compliance with Subpoena *Duces Tecum* against Park (Dkt. 95) (the "Park Motion to Compel"), seeking similar, but not identical, documents from Park.  It has been and continues to be TUC's position that the documents responsive to the Park Subpoenas and the Requests for Production may significantly hasten settlement.  While TUC actively and repeatedly requested these documents from both Park and Isola during the stand-still, TUC did not feel that it could, in good faith, bring a motion to compel production from Isola due to the stand-still agreement. Chow Decl. ¶ 7.  In the absence of a stand-still, however, TUC would have filed the motions to compel against Park and Isola at the same time. *Id.*

In a meet-and-confer between the parties on May 2, and in a subsequent letter on May 7, Counsel for Isola indicated that Isola will not "produce those materials absent an agreement by [Park][4] or an order from the Court."  Chow Decl. Ex. C (May 7 Anderson Letter).  Counsel for Isola believes this Motion merely duplicates the Motion to Compel against Park because Isola has indicated its intention to abide by the Court's decision on the Park Motion to Compel.  *Id.*  That is an oversimplification of the issue.  Documents responsive to the Park Subpoenas are not necessarily identical to the documents responsive to TUC's Request Nos. 9, 10 and 19 to Isola.  Furthermore, it is improper for Isola to make its response to discovery in this case contingent upon how this Court rules upon a motion against a third party.

After written and telephone conferences, Isola continues flatly to refuse to produce documents responsive to these requests save for the non-disclosure agreement between Isola and Park -- per Park's permission -- and the settlement agreements which led to the dismissal of the Park Litigation and Isola's parallel litigation with ITEQ.[5] *See* Chow Decl.

---

[4] Park's steadfast failure to agree is made clear in its Opposition to TUC's Motion to Compel Compliance with Subpoena *Duces Tecum* (Dkt. 105).

[5] Isola has also produced an Asset Purchase Agreement and Amended and Restated Asset Purchase Agreement between Isola and Park which are not relevant to this discovery dispute.

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

4

Printed on Recycled Paper

Ex. C (May 7 Anderson Letter) ("Isola is contractually obligated not to disclose the confidential Park documents that TUC is requesting.")

## ARGUMENT

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party…." Fed. R. Civ. P. 26(b)(1). The information requested in TUC's Requests for Production are directed to Isola's communications with Park that led to the parties' settlement, which areundoubtedly relevant to TUC's defenses and litigation strategy. Request No. 9 specifically seeks communications related to the validity, enforceability, and scope of the Patents-in-Suit, and No. 10 requests communications involving alleged Prior Art to the Patents-in-Suit - both Requests are clearly relevant to TUC's defenses. Chow Decl., Ex. A. Request No. 19 seeks information related to the Park Litigation which is unquestionably relevant to TUC's invalidity and non-infringement defenses as discussed *supra* and in the briefing on the Motion to Compel Park's compliance with TUC's subpoenas. *Id.*; *see also* Dkts. 95, 103.

**I.     Isola Has No Basis in Law to Withhold Documents Responsive to TUC's Requests For Production Nos. 9, 10, and 19**

Isola has asserted two objections to production of documents responsive to TUC's Request for Production Nos. 9, 10 and 19: First, that settlement communications are "protected," and second, that it is contractually bound not to produce the requested information. Chow Decl., Ex. B, pp. 9-10, 14-15. Neither response is legally defensible.

a.     There is No Federal "Settlement Communications" Privilege

In its Responses, Isola did not include case law citations in support of its objection that settlement communications are "protected," (*id.*), nor did it cite to authority for this position in its letter following the parties' meet-and-confer on May 2. Chow Decl., Ex. C. TUC can only assume that Isola intends to rely on the same case that Park cited in its objections to the Park subpoenas and its Opposition to the Park Motion to Compel -

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

5

Printed on Recycled Paper

*Goodyear Tire*, a Sixth Circuit case which essentially created a new "privilege" for settlement communications based on a tortured reading of Federal Rule of Evidence 408. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 981 (6th Cir. 2003).

In the interests of conserving judicial and party resources, TUC will not reiterate each and every argument in the Park Motion to Compel (Dkt. 95) and TUC's Reply (Dkt. 110). Suffice it to say that courts widely recognize that settlement communications are <u>not</u> privileged from third party discovery. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) (absolute privilege does not apply to "statements made in settlement negotiations"); *Phoenix Solutions Inc. v Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal. 2008) ("Rule 408 does not warrant protecting settlement negotiations from discovery"); *Vondersaar v. Starbucks Corp.*, C 13-80061 SI, 2013 WL 1915746 (N.D. Cal. May 8, 2013) ("Rule [408] on its face contemplates that settlement documents may be used for several purposes at trial, making it unlikely that discovery into such documents would be impermissible."); *Newman & Assocs. V. J.K. Harris & Co., LLC*, No. 04CV9264, 2005 WL 3610140, at *2 (S.D.N.Y. Dec. 15, 2005) ("courts have generally declined to recognize a privilege that would preclude discovery for the purpose of settlements or settlement negotiations"); *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1171 (C.D. Cal. 1998) (ordering discovery of settlement communications not made outside of formal mediation); *Big Baboon Corp. v. Dell, Inc.*, CV 09-01198SVW, 2010 WL 3955831, *3 (C.D. Cal. Oct. 8, 2010) ("Despite the Sixth Circuit's apparent recognition of a settlement negotiation privilege, courts in the Ninth Circuit have been reluctant to adopt a similar rule."); *Board of Trustees of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D.Cal. 2008) ("there is no federal privilege preventing the discovery of settlement agreements and related documents").

DEFENDANT TAIWAN UNION TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

6

Printed on Recycled Paper

Indeed, the Federal Circuit specifically declined to adopt the *Goodyear* settlement communication privilege in *In re MSTG Inc.* *In re MSTG Inc.*, 675 F.3d 1337, 1343-47 (Fed. Cir. 2012) ((rejecting a settlement communication privilege after considering six factors identified by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996)); *see also Vondersaar*, 2013 WL 1915746, at *3 (declining to adopt *Goodyear* settlement negotiation privilege in part because, "[t]he Ninth Circuit favors broad discovery, and settlement material may reasonably lead to persuasive or relevant evidence").

The case closest to the issue in this Motion is *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008). There, defendant sought "documents relating to [plaintiff's] enforcement of the patents-in-suit" and plaintiffs contended that information was not discoverable because it was protected under a settlement privilege.[6] The *Phoenix Solutions* court found the documents relevant and necessary to defendant's case, and after a measured consideration of the case law and policy behind Federal Rule of Evidence 408, and held that there was no basis to protect settlement communications from discovery under that Rule. *Id.* at 585. Like in *Phoenix Solutions*, the documents TUC seeks in its Requests for Production are necessary to allow TUC to "ascertain the extent of its liability to [Isola] and to formulate an appropriate litigation strategy." *Id.* at 582.

Considering the clear precedent allowing discovery of settlement communications, and in light of the relevance of the requested information, this Court should overrule Isola's settlement communication "privilege" objections and compel Isola to produce settlement communications with Park responsive to Request Nos. 9, 10 and 19.

---

[6] Note that counsel for Isola has indicated Isola's intention to "abide by" this Court's decision on the Park Motion to Compel, meaning that if the Court rules in TUC's favor, it will produce the Park communications and that if the Court rules that there is a settlement communication privilege, it will provide a privilege log including each communication. Chow Decl., Ex. C (May 7 Anderson Letter). But this "intent" does not require Isola to comply with any order from this Court against Park.

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

7

Printed on Recycled Paper

b.  Parties May Not Contract Around Discovery Obligations Under the Federal Rules of Civil Procedure

Isola's position is essentially that as a result of its non-disclosure agreement with Park, Isola may withhold any documents exchanged between Park and Isola from discovery in this case if Park refuses to grant permission, absent a court order.[7] This is inappropriate. Parties simply cannot enter into a contract to avoid discovery obligations under the Federal Rules of Civil Procedure. Allowing such contracts "would clearly impede the truth-seeking function of discovery in federal litigation, as all individuals and corporations could use confidentiality agreements to avoid discovery." *In re Subpoena* Duces Tecum *Served on Bell Communications Research, Inc.*, No. MA-85, 1997 WL 10919, *3 (S.D.N.Y. Jan. 13, 1997) (internal citations and quotations omitted) (collecting cases). In *Bell Communications Research*, the disclosure of trade secrets of third-parties subject to confidentiality agreements was at issue, but the court found that the existing protective order which had been approved by the district court judge and included an outside-attorneys-eyes-only designation category, was adequate protection. *Id. at *2-*3*. Here the parties are in a very similar situation -- the Court has entered a Stipulated Protective Order (Dkt. 86), the Protective Order includes a "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" designation category for parties and non-parties alike, yet Isola is refusing to produce documents responsive to TUC's Requests for Production based on a contract with a non-party.

This Court should overrule Isola's objections based on contractual obligations and compel Isola to produce all settlement communications with Park that are responsive to Request Nos. 9, 10 and 19.

---

[7] Isola likewise did not include case law citations in support of its objection based on "confidentiality obligations or agreements with third parties" (Chow Decl., Ex. B, pp. 9-10, 14-15)*,* nor did it include authority for this stance in its letter following the parties' meet-and-confer on May 2. Chow Decl., Ex. C.

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

8

Printed on Recycled Paper

## CONCLUSION

For the foregoing reasons, TUC's motion to compel discovery response should be granted and Isola should be compelled to produce all settlement communications with Park responsive to TUC's Requests for Production Nos. 9, 10 and 19.

DATED this 9th day of May, 2014			K&L GATES LLP


			/s/ Elaine Y. Chow
			Timothy P. Walker (*pro hac vice*)
			Elaine Y. Chow (*pro hac vice*)
			Stephanie E. L. McCleery (*pro hac vice*)
			K&L GATES LLP
			Four Embarcadero Center, Suite 1200
			San Francisco, CA  94111
			Tel.: (415) 882-8200
			Fax: (415) 882-8220
			E-mail:  timothy.walker@klgates.com
			E-mail:  elaine.chow@klgates.com
			E-mail:  stephanie.mccleery@klgates.com

			Victoria Gruver Curtin
			(Ariz. State Bar #010897)
			14555 N. Scottsdale Rd., #160
			Scottsdale, AZ  85254
			E-mail:  victoria@vcurtin.com

			Attorneys for Defendant
			TAIWAN UNION TECHNOLOGY
			CORPORATION

DEFENDANT TAIWAN UNION TECHNOLOGY
CORPORATION'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RESPONSE
Case No. 2:12-cv-01361 SLG

9                Printed on Recycled Paper

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and service on registrants.

By: _____/s/ Elaine Chow_____

Elaine Chow